been on account of labor performed does not meet what the statute says shall be stated in the affidavit. The plaintiff could not state a cause for the writ of garnishment without negativing the mentioned exception. The reason for such statement in the affidavit for the writ appears in the same section of the statute. If the indebtedness is for labor, then no writ of garnishment can issue before judgment against the principal defendant.

The statute was not complied with, and the motion to quash the writ of garnishment should have been granted.

The denial of the motion to quash the writ of garnishment is reversed, with costs to the principal defendant, and the case remanded to the circuit court to enter an order in accord with this opinion.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.

---

STREAM *v.* JACKSON.

1. CORPORATIONS—MORTGAGES—CONSENT OF STOCKHOLDERS—COMPLIANCE WITH STATUTE.

   Purchaser of assets of insolvent corporation at receiver's sale, who took subject to mortgage, could not attack validity of mortgage on ground that certificate provided for by statute (Comp. Laws Supp. 1922, § 9053 [63]), showing consent of stockholders thereto, was not filed with mortgage, since, as between parties to mortgage, compliance with statute is not necessary, and purchaser can urge no defense not open to mortgagor.

As to whether renewal of notes discharges chattel mortgage, see annotation in 35 L. R. A. (N. S.) 89.

2. MORTGAGES—CHATTEL MORTGAGES—NOT INVALID AS TO PURCHASER AT RECEIVER'S SALE ALTHOUGH STATUTE AS TO FILING AND RENEWING NOT COMPLIED WITH.

Since purchaser of assets of corporation at receiver's sale takes as such purchaser with notice of prior mortgage rather than as creditor, mortgage is not invalid as to him, although it was not properly filed and renewed as required by 3 Comp. Laws 1915, §§ 11988, 11991.

3. SAME—RENEWAL NOTE DID NOT DISCHARGE MORTGAGE.

Where promissory note secured by chattel mortgage was renewed from time to time by payments made and renewal notes given, giving of new note which uncontroverted testimony shows was given for unpaid balance of indebtedness secured by said mortgage, but which did not refer to mortgage as being collateral thereto, did not discharge mortgage.

4. SAME—PURCHASER AT RECEIVER'S SALE WITH NOTICE TAKES SUBJECT TO PRIOR MORTGAGE.

One who had been director in corporation, bought stock of it and sold stock to it, was holder of mortgage covering its assets, was later appointed its receiver, and as such possessed all of its books, records, and documents, prior to bidding in its assets at receiver's sale, is chargeable with notice of existing chattel mortgage, and that his purchase was subject thereto.

5. SAME—FORECLOSURE—PURCHASER AT RECEIVER'S SALE—NOTICE.

Where mortgagee in foreclosure decree was authorized to sell property to satisfy his debt, and was also appointed receiver of mortgagor corporation and authorized to sell its assets at receiver's sale subject to valid liens and incumbrances, and he purchased assets at receiver's sale, he became purchaser as any other stranger at receiver's sale and not as mortgagee under his foreclosure decree, and as such purchaser was chargeable with notice of prior mortgage and took subject thereto.

6. SAME—LIEN ATTACHES TO SUBSTITUTED GOODS.

Where chattel mortgage covered baskets which were subject to deterioration, and, by oral agreement between parties, baskets were sold and replaced by others from time to time, lien attached to substituted baskets, although no such provision was contained in mortgage.

7. RECEIVERS—BONA FIDE PURCHASER.

Receiver of insolvent corporation is not *bona fide* holder, but takes only rights of insolvent, and therefore purchaser at receiver's sale is not *bona fide* purchaser, but takes only rights of receiver.

Appeal from Mason; Cutler (Hal L.), J.   Submitted June 12, 1929.   (Docket No. 21, Calendar No. 34,340.)   Decided October 7, 1929.

Bill by William Stram against John W. Jackson to foreclose a chattel mortgage. From a decree for plaintiff, defendant appeals. Affirmed.

*A. A. Keiser,* for plaintiff.

*A. S. Hinds,* for defendant.

WIEST, J.   Plaintiff held a senior chattel mortgage, if valid, covering 100,000 baskets owned by the Ludington Basket Company, a corporation. Defendant held a junior mortgage covering the real estate and personal property of the basket company. Defendant filed a bill to foreclose his mortgage. A proceeding for dissolution of the corporation was also before the court. The court dissolved the corporation, appointed defendant receiver, directed the sale of its assets, found the amount due defendant on his mortgage, and decreed foreclosure:

"Provided, however, that the sale of the assets of the said Ludington Basket Company, as provided for in the decree of even date herewith, in said dissolution proceedings, shall first be made.   *   *   *

"That this decree shall be read in connection with the decree of even date herewith, providing for the sale of the assets of said corporation, under the dissolution proceedings heretofore referred to."

In the decree dissolving the corporation, appointing defendant receiver and directing sale of the assets, it was made the duty of Mr. Jackson, as receiver, to reduce to his possession all of the assets of the corporation,

—"and to sell the same subject to all mortgages, taxes, liens and incumbrances that may be a valid claim against the same, or any part thereof, all in accordance with the provisions of said decree in said dissolution proceedings. * * *

"That at any time after the sale of the assets of the said Ludington Basket Company as provided for in said decree under the dissolution proceedings, the said plaintiff (Mr. Jackson) shall have the right to proceed with the foreclosure of his said chattel mortgage, Exhibit B, under the power of sale therein contained, at public auction, to the highest bidder, after the like notice as is required by law for the sale on execution from circuit court, and all the property therein described, of every kind, sort and description, shall be offered for sale thereat.

"It further appearing that the said personal property so covered by said chattel mortgage, can be more advantageously sold in bulk and as one parcel, it is decreed that said property shall be so offered and sold, and that the said plaintiff (Mr. Jackson) may himself become the purchaser thereof, provided he is the highest bidder; provided, however, it shall be the right of the purchaser at said sale, to turn over to the party holding security on any article, to give up such article or thing to the party holding such security in settlement of such debt. * * *

"The provisions hereinbefore contained for the foreclosure of the said chattel mortgage, Exhibit B, and the said real estate mortgage, Exhibit C, shall not be necessary, except at the option of the plaintiff (Mr. Jackson), in case he becomes the purchaser of the property and assets of the Ludington Basket Company at the sale thereof under said dissolution proceedings."

The sale was held by defendant as receiver and he exercised the option above mentioned by purchasing the property and assets of the corporation. Mr.

Jackson having so purchased the property, subject to mortgages, liens, etc., the plaintiff herein filed the bill to foreclose his claimed first chattel mortgage, and, upon the hearing, was awarded a decree against Mr. Jackson for the sum of $907.27, together with interest at the rate of 7 per cent. per annum, from the date of the decree.   Defendant at the hearing in the circuit attacked the validity of plaintiff's mortgage.   The case is here by appeal of defendant.

The chattel mortgage was executed by the secretary of the corporation in August, 1925, was informally authorized by stockholders holding a majority of the capital stock, and was given to secure a loan of $2,500, evidenced by a promissory note of the same date, signed by the secretary and president.   The debt was due in one year, and partial payments were later made and new notes executed from time to time so that, at the time of the sale by the receiver, the outstanding note was for $832.87. The mortgage covered 50,000 4-quart and 50,000 12-quart Climax baskets, "situate at Warehouse No. 2, Sec. 23—Pere Marq. Twp., near Ludington, Mich."   J. H. Loomis, secretary of the corporation, attached his affidavit to the mortgage showing that the consideration was actual and adequate and the mortgage was given in good faith.   The mortgage was filed in the office of the Ludington city clerk, that being the city where the corporation carried on its manufacturing business, but was not filed in the township where the mortgaged baskets were in the storage warehouse of the corporation.   The baskets were subject to deterioration, and it was necessary to sell the same, and parts thereof were sold from time to time and baskets of later manufacture substituted.   At the time of the sale by the receiver there were at the warehouse sufficient baskets to

meet the mortgage, but all such baskets had been placed there after the mortgage was given. The mortgage did not provide for withdrawals of baskets from the warehouse for sale and the substitution of others to maintain the security, but the officers of the corporation, in the course of sales and to prevent loss through deterioration, withdrew the baskets and replaced withdrawals by baskets of later manufacture, intending to maintain the security of the mortgage.

Defendant claimed that the chattel mortgage was invalid because of failure to comply with § 12, subd. 4, chap. 2, pt. 2, Act No. 84, Pub. Acts 1921, amended by Act No. 20, Pub. Acts 1921, Ex Sess. (Comp. Laws Supp. 1922, § 9053 [63]). The certificate provided for in that statute was not filed with the mortgage. Under his purchase defendant stands in the shoes of the corporation and can urge no defense to plaintiff's mortgage not open to the mortgagor. See *Gray v. Lincoln Housing Trust*, 229 Mich. 441.

The decree authorizing sale of the assets of the corporation by defendant as receiver expressly provided that the purchaser should take subject to all mortgages, and defendant as such purchaser acquired no right of attack upon plaintiff's mortgage not open to the corporation.

We had occasion in *Grand Victory Theatre Co.* v. *Solomon*, 224 Mich. 451, to consider the mentioned statute, and there held that failure to file and record the certificate with the mortgage was not necessary to the validity of the mortgage as between the parties to the mortgage.

The other questions presented were so well considered and passed upon in an opinion by the circuit judge that we quote therefrom, with approval:

"Defendant further objects to the validity of said mortgage, claiming that same was not properly recorded, and proper renewal affidavits filed, as required by 3 Comp. Laws 1915, §§ 11988 and 11991.

"The court finds that such mortgage was not properly filed and renewed, as required by law, and further holds that said mortgage is not invalidated as against the defendant Jackson, because in this suit he takes not as a creditor of said company, but rather as a purchaser at receiver's sale, and with notice, as will more fully appear by reference to a letter written to Mr. A. A. Keiser, under date of March 15, 1928, which conclusively shows that he had notice of such mortgage in the fall of 1927, prior to his purchase of the property covered thereby at receiver's sale. (See Exhibit 1.) *People* v. *Burns,* 161 Mich. 169, 174, and *City Bank & Trust Co.* v. *Hurd,* 179 Mich. 454, 460.

"The court finds, from the testimony in the case, that the obligation evidenced by the $2,500 note, which was secured by the mortgage, Exhibit 5, was renewed from time to time by payments made and renewal notes given, and that finally, on September 13, 1927, the balance of said indebtedness, being then reduced to the sum of $832.87, was evidenced by a promissory note, Exhibit 6, which said note did not in any way refer to this mortgage as being collateral thereto, but the parol testimony shows that the same was given for the unpaid balance of the indebtedness secured by said mortgage, Exhibit 5. This was testified to by several witnesses and undenied, thus presenting the question: Did the giving of this new note evidencing the unpaid balance due on the original obligation, discharge the mortgage security furnished by Exhibit 5? This court holds, as a matter of law, that it did not.

" 'The substitution and taking of a new note for one secured by mortgage does not extinguish the debt evidenced by the latter so as to discharge the mortgage, unless such was the intention of the parties, shown by something besides what arises from the mere act of

substitution. The reason is, that the mortgage secures the debt, not merely the evidence of it, and as a change in the evidence does not pay the debt, the lien of the mortgage is not thereby affected.' 5 R. C. L. p. 456, § 91; *Molsons Bank* v. *Berman*, 224 Mich. 606, 612–613 (35 A. L. R. 1289).

"There was no evidence adduced showing the intention of the parties to treat the note as payment or liquidation of the obligation, all the evidence being introduced to show it was given in renewal.

"As bearing upon the question of defendant's notice of the existence of chattel mortgage, Exhibit 5, the court finds, from the testimony in the case, that defendant Jackson wrote the letter, Exhibit 1; was a stockholder of said corporation, and at times held the office of director in said corporation; bought stock of said corporation; sold stock to said corporation, and was the holder of a mortgage covering the assets of said corporation, and was later appointed receiver of said corporation, and as such possessed of all the books, records, documents of said corporation, all prior to the making of his bid at receiver's sale, and was thereby possessed of as much, if not more, knowledge concerning the affairs and business of said corporation, than any other person, and as such, was chargeable with all the knowledge imputed to one occupying such position or office.

"The court further finds that said defendant Jackson instituted a suit in the circuit court of chancery in Mason county, to foreclose his mortgage lien upon the assets of said corporation and was by decree authorized to sell the property covered by his mortgage to satisfy a debt of approximately $33,400, secured thereby, as will more fully appear by reference to such decree, under date of December 29, 1927.

"The court further finds that the defendant, John W. Jackson, was by a decree of this court, Exhibit 2, made on the 29th day of December, 1927, appointed receiver of the Ludington Basket Company, substituting K. L. Ashbacker, who having previously

resigned as such permanent receiver, said Jackson being appointed in his place and stead, was authorized by said court in said decree, to take charge of all books, papers, documents and property and assets of said corporation and was authorized to run the business of said corporation, and as such receiver, did operate said business under such decree for some considerable time; and was authorized in said decree to sell the property and assets of said corporation at receiver's sale, subject to every valid lien and incumbrance, of every nature and description. Said decree, which was prepared by defendant's own counsel, contained this clause:

" 'It shall be optional with the purchaser of the personal property of the said Ludington Basket Company, whether he will take over the equity of the Ludington Basket Company, in those items by which indebtedness is secured, and pay the same, or whether he will give up such items to the persons holding such security in settlement of such debt.'

"By this same decree, said John W. Jackson, receiver, was given permission to bid as (at) such receiver's sale, in person, for himself, the same as any other bidder.

"The court further finds that the defendant, John W. Jackson, did not elect to sell the assets of said corporation under his mortgage foreclosure decree above mentioned, but rather and instead thereof, elected to sell the property at receiver's sale, under the decree, Exhibit 2, containing the clause above quoted, and at such sale, did bid and purchase the assets of said corporation, under the terms of such decree, for the very nominal consideration of $15, which barely covered the costs of making such sale.

"Because of which facts, the court holds that he became a purchaser, as any other stranger, at receiver's sale, and not as mortgagee under his foreclosure decree above mentioned, and as such purchaser at receiver's sale, was chargeable with all the notice imparted to the circumstances hereinbefore stated.

"This suit in equity is instituted on behalf of the plaintiff to foreclose his mortgage lien, which he claims attaches by reason of his mortgage, Exhibit 5, for the balance of said debt in the sum of $832.87, evidenced by note, Exhibit 6, secured by the property covered by said mortgage, Exhibit 5, as substituted by agreement.

"The court finds that the identical property covered by the mortgage, Exhibit 5, to wit: 50,000 4-quart climax baskets; 50,000 12-quart climax baskets; at the date of the institution of this suit, was not in existence; further finding, however, from the testimony in the case, that like property of quantity, kind and character, had by agreement, between the mortgagor and mortgagee, been substituted in the place and stead of the identical property mentioned in the mortgage, for the express purpose of keeping the security provided by said mortgage intact and alive, covering substituted goods, as above mentioned. No express provision, however, was contained in said mortgage, authorizing the substitution of goods in the place and stead of those covered by the mortgage, which were by agreement from time to time sold and replaced, it being the intention of the parties, mortgagor and mortgagee, as shown by the verbal testimony in this case, undisputed, that substitution was made and had for the purpose of maintaining and effectuating the security provided in said mortgage, Exhibit 5.

"The court further finds that the substituted property was placed, by agreement, in and about Warehouse No. 2, of said Ludington Basket Company, located on section 23, Pere Marquette township, near Ludington, Michigan; and that a sufficient amount of said substituted property was in said warehouse on the date of receiver's sale to take care of the indebtedness evidenced by promissory note, Exhibit 6, which note is claimed to be secured by mortgage, Exhibit 5, thus presenting the paramount and all crucial questions in this case, viz.:

"Did the mortgage lien follow and attach to the substituted property found in Warehouse No. 2, on the day of the receiver's sale, no express provision having been made for such substitution in the mortgage, Exhibit 5; and this in view of the fact that the undisputed testimony shows that it was the intention of the parties that substituted property of like quantity, character and kind should be and was substituted in the place and stead of the identical property covered by the mortgage at the date of its execution, to keep at all times the security provided by such mortgage, intact, the property covered by such mortgage being perishable property, manufactured and sold in the course of trade, and of necessity becoming worthless with age?

"2. The next question is: Can the defendant John W. Jackson, in view of his purchase at receiver's sale, with knowledge of the mortgage and knowledge of all the circumstances surrounding the transaction as above stated, and in view of the provisions contained in the decree, prepared by his own counsel, authorizing said sale, as follows: 'It shall be optional with the purchaser of the personal property of the said Ludington Basket Company, whether he will take over the equity of the Ludington Basket Company in those items by which indebtedness is secured, and pay the same, or whether he will give up such items to the persons holding such security in settlement of such debt,' now be heard to deny the validity of the mortgage covering the substituted goods, he having appropriated and sold the substituted articles from Warehouse No. 2, without applying the proceeds in payment thereof, thus electing, under the provisions of the decree, to keep and pay for the same?

"It is conceded by the parties hereto, upon the record, that in the event that the court finds that the lien created by the chattel mortgage, Exhibit 5, follows and attaches to substituted goods found in Warehouse No. 2, on the date of the receiver's sale,

that a decree may be entered in favor of the plaintiff in the sum of $832.87, because it is conceded that the substituted goods found in the Warehouse No. 2, as of that date, were of value in excess of that amount, and were appropriated and sold by the defendant without liquidating the lien of the plaintiff. * * *

"The oral agreement as between the parties to the transaction to substitute the baskets and extend the lien of plaintiff's mortgage, Exhibit 5, to cover same, having been fully and satisfactorily performed as between the parties thereto, was valid and binding, and may not now be questioned by a stranger who purchased at receiver's sale, with knowledge.

"I know of no rule of reason; I have been directed to no rule of law; moreover, I cannot conceive of any rule in equity, which may be invoked to the contrary.

"Defendant Jackson must base his complaint, if any, upon a purchase made at receiver's sale. As a matter of law, he could not be treated as a *bona fide* purchaser at such sale. Further, as a bidder at such sale, his good faith is challenged by both actual and imputed knowledge; otherwise he bid as any stranger. As such, he was neither a creditor, a mortgagee, nor a *bona fide* purchaser for value.

"As receiver, he took only the rights of the Ludington Basket Company; as such, he could sell no more, and on receiver's sale he could buy no more.

"Title of the Ludington Basket Company to the substituted baskets, because of the fully performed agreement to substitute, being impressed with plaintiff's lien, was taken and sold by the receiver, subject to such lien, and defendant Jackson, purchasing at receiver's sale under a decree which expressly authorized such sale subject to all liens, and giving the purchasers option to retain the property subject to lien, or surrender it to the lienor, bought of necessity the substituted baskets subject to plaintiff's lien, having elected to appropriate and sell the same,

must now be held, both by law and equity, obligated to liquidate the lien.

"The very nominal bid made by defendant Jackson, of $15, for all the property and assets of the corporation, including approximately $1,200 worth of substituted baskets, thus absolutely defeating the right of creditors to prorate the few remaining assets of the defunct institution, however legal, does not savor of equity and good conscience, but rather imputes to the defendant knowledge of all existing liens, including that of the plaintiff.

"Plaintiff's lien being valid as against the Basket company, was valid against the receiver, and likewise valid as against a purchaser at receiver's sale. * * *

"A receiver is not a *bona fide* holder; therefore a purchaser at receiver's sale cannot be a *bona fide* purchaser, because he takes only the rights of the receiver, who in turn takes only the rights of the insolvent; hence this case does not present the equity of a creditor, a mortgagee, or a *bona fide* purchaser for value.

"Defendant Jackson having elected to purchase as any stranger at receiver's sale, rather than as mortgagee on foreclosure sale, took only the rights of the receiver, impressed with plaintiff's lien, which must be paid."

The decree is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.