## In re COTTER.
### No. 34376.

United States District Court
E. D. Michigan, S. D.

July 31, 1953.

Rodman N. Myers, Butzel, Levin, Winston & Quint, Detroit, Mich., for petitioner.

Arthur M. Schueler, Detroit, Mich., for trustee.

LEVIN, District Judge.

The petitioner, Union Investment Company, a creditor of the bankrupt, seeks a review of an order by the referee holding invalid, as to the trustee of the estate in bankruptcy, a lien held by the petitioner on an automobile belonging to the bankrupt.

The stipulated facts disclose that on May 24, 1950, the bankrupt borrowed money from the petitioner and gave in return his promissory note for $1,665.91 which sum included a finance charge. The note provided for monthly payments and matured in one year. It was secured by a chattel mort-

gage on the automobile, which was duly recorded in the office of the Register of Deeds for Oakland County.

On June 11, 1951, while still indebted to the petitioner in the sum of $1,050, the bankrupt arranged for an extension of the loan for a period of two years from that date and gave petitioner a new note for $1,176 which included a finance charge. This note was secured by another chattel mortgage, on the same automobile, which was duly recorded. While the note of May 24, 1950, was marked "Paid" and returned to the bankrupt, he had not in fact paid the balance due on the note, and the first chattel mortgage on the automobile was not discharged by the petitioner.

On June 26, 1952, the bankrupt had reduced the amount of his indebtedness to petitioner to $615. On that date he borrowed an additional $205 from petitioner and arranged for an extension of payment on his indebtedness, including the additional sum, and executed a new note for $918.24 which also included a finance charge. This note, the full amount of which remains unpaid, was payable in monthly installments over a period of two years and was secured by another chattel mortgage on the automobile of the bankrupt. In this transaction petitioner issued to the bankrupt two checks, one for $615, the amount then due, which the bankrupt endorsed and returned to the petitioner, and another in the sum of $205 which was retained as a new advance by the bankrupt. On this date of June 26, 1952, while there was a balance of $615 still unpaid on the then outstanding note and no money actually passed from the bankrupt to the petitioner, it was marked "Paid" and returned to the bankrupt. As in the earlier transaction, the chattel mortgage securing the note of June 11, 1951, was not discharged and remained on record in the office of the Register of Deeds.

The chattel mortgage of June 26, 1952, was not filed with the Register of Deeds by petitioner until July 2, 1952. In the interim, credit was extended in good faith to the bankrupt by unsecured creditors. This chattel mortgage is void against the intervening creditors and the trustee. Compiled Laws Mich.1948, § 566.140, Mich.

Stat.Ann. § 26.929, Bankruptcy Act, § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e.

It is the claim of the petitioner that, whatever may be said of the validity of the chattel mortgage of June 26, 1952, because of the intervening rights of unsecured creditors prior to the date it was filed, the mortgages of May 24, 1950, and June 11, 1951, are, nevertheless, valid and subsisting.

I am constrained to agree with the petitioner. The money borrowed on May 24, 1950, was never fully repaid by the bankrupt. The only evidence in the record showing the intent of the parties other than disclosed in writing is the uncontradicted testimony of the collection manager of the petitioner that when the note of June 11, 1951, was marked "Paid" and returned to the bankrupt and his note of June 26, 1952, accepted in its place, it was not intended to discharge the mortgage of June 11, 1951, and that it was intended only to extend the time for payment. Neither of the notes marked "Paid" was in fact paid, and the petitioner did nothing to release its lien on the automobile.

In the absence of facts and circumstances to manifest a contrary intention of the parties, the taking of a new note for one secured by a mortgage is not payment, does not extinguish the debt evidenced thereby, and does not discharge the security for the earlier note. The mortgage secures the debt, of which the note is mere evidence. A change of the evidence of an indebtedness neither discharges the obligation nor releases the security which follows the debt. Stram v. Jackson, 248 Mich. 171, 177, 178, 226 N.W. 888.

The provisions of Michigan Statutes Annotated § 26.952, Comp.Laws 1948, § 566.202, providing a penalty for failure to discharge a chattel mortgage compel no different result. That statute applies to situations where the mortgage is either entirely due and payable and proper tender of payment is made or where the conditions of a chattel mortgage are fully performed.

The mortgages of May 24, 1950, and June 11, 1951, were on record and constituted constructive notice to all creditors.

The trustee, however, may properly raise the question concerning the amount of the indebtedness protected by the lien.

Since the chattel mortgages did not cover future advances the indebtedness of $205 and the financing charge created on June 26, 1952, could not be brought under the lien of the earlier mortgages. Unless a mortgage by its terms secures future advances made by the mortgagee not to exceed a stated sum, Compiled Laws of Mich. 1948, § 566.140, Mich.Stat.Ann. § 26.929; Spitzer v. Brown, 305 Mich. 455, 9 N.W.2d 673, 146 A.L.R. 1096, such future advances are not covered by the lien of the mortgage. The petitioner's attempt to secure such new indebtedness by the chattel mortgage of that date was rendered abortive by its failure to record the mortgage in accordance with the statute.

Petitioner is entitled to protection as a secured creditor only in the amount of $615.

An order may be entered consistent with the views here expressed.