**EMERY v. UNION INV. CO.**

**In re COTTER.**

**No. 12053.**

United States Court of Appeals,
Sixth Circuit.

April 23, 1954.

Arthur M. Schueler, Detroit, Mich., for appellant.

Rodman N. Myers, Detroit, Mich. (Butzel, Levin, Winston & Quint, Detroit, Mich., of counsel), for appellee.

Before ALLEN, Circuit Judge, and GOURLEY and STARR, District Judges.

PER CURIAM.

This appeal involves the validity of a chattel mortgage which secured a note given for the purchase of a motor vehicle prior to bankruptcy. The dispute arises between the trustee and mortgagee.

Loans were obtained by trustee's bankrupt from appellee on three separate occasions. Notes and chattel mortgages

were executed as security, and, *with the original loan not being paid in full, the balance due was incorporated in the second and third loans.* The first and second notes were marked paid and delivered to the bankrupt, but the chattel mortgages remained undischarged of record. The appellee is obliged to rely upon its first and/or second chattel mortgage, because it is admitted that the third chattel mortgage is void as against the trustee, the representative of all creditors, because of intervening creditors between the execution and recording of such mortgage.

An amount was realized from the sale of the chattel which was not sufficient to pay the balance due on the first note and chattel mortgage when said amount was incorporated in the second and third loans. This amount was awarded to appellee and the balance was allowed as a general claim against the bankrupt's estate.

In a well reasoned opinion, the District Court decided:

"In the absence of the facts and circumstances to manifest a contrary intention of the parties, the taking of a new note for one secured by a [chattel] mortgage is not payment, does not extinguish the debt evidenced thereby, and does not discharge the (chattel mortgage) security for the earlier note. The mortgage secures the debt, of which the note is mere evidence. A change of the evidence of an indebtedness neither discharges the obligation nor releases the security which follows the debt." [113 F.Supp. 860.]

We do not believe anything could be usefully added to the thoroughly considered opinion of the District Court, E.D. Mich.S.D., In re Cotter, 113 F.Supp. 859, except to say, the conclusion reached is sustained in the case of *American Trust Co. v. New York Credit Men's Adjustment Bureau, Inc.,* 2 Cir., 207 F.2d 685.

The judgment of the District Court is affirmed.