**TRAILMOBILE, Inc., Appellant,**

v.

**Walter G. WISEMAN, Trustee, Appellee.**

**No. 13031.**

United States Court of Appeals
Sixth Circuit.

April 22, 1957.

Frazer & Popkin, Detroit, Mich., for appellant.

Kenney, Radom, Rockwell & Mountain, Detroit, Mich., for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the district court affirming a referee's ruling that appellant's lien on certain tank trucks was invalid as against the trustee in bankruptcy.

The court correctly held that the referee had summary jurisdiction by virtue of the actual possession of the tank trucks by the bankruptcy receiver at the time of the proceedings. Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; In re Prokop, 7 Cir., 1933, 65 F.2d 628.

The court was also correct in concluding that under Michigan law appellant's security interest was not a conditional sale contract, but a chattel mortgage, which was invalid against the trustee in bankruptcy because an intervening creditor had extended credit to the bankrupt after the instrument was executed and before it was recorded. Burroughs Adding Machine Co. v. Wieselberg, 1925, 230 Mich. 15, 203 N. W. 160; Deane v. Fidelity Corp. of Michigan, D.C.W.D.Mich.1949, 82 F. Supp. 710; Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.

The statute upon which appellant relies, Mich.Stat.Ann. § 26.929, Comp. Laws 1948, § 566.140 (as amended August 11, 1956, Pub.Laws 1956, No. 153), enacted long after the transaction in issue, is inapplicable to this case.

The judgment is affirmed upon the findings and conclusions of Judge Picard.