In the Matter of Eugene (Dean) W. PLONTA, individually and as Co-Partner, Bankrupt.

SEARS, ROEBUCK AND CO., Appellant,

v.

Wadsworth BISSELL, Trustee, Appellee.

No. 14777.

United States Court of Appeals
Sixth Circuit.

Dec. 26, 1962.

Edward Joseph Kahn, Chicago, Ill. (Leo H. Arnstein, Burton Y. Weitzenfeld, Kahn, Adsit & Arnstein, Chicago, Ill., on the brief), for appellant.

Murray B. DeGroot, Grand Rapids, Mich., for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and McNAMEE, District Judge.

CECIL, Chief Judge.

This is an appeal from the United States District Court for the Western District of Michigan, Southern Division. The controversy grows out of the bankruptcy of Eugene (Dean) W. Plonta. Sears, Roebuck and Co., the appellant, claims to be a secured creditor of the bankrupt Plonta. Wadsworth Bissell, trustee in bankruptcy, is the appellee. The parties will be referred to as the Bankrupt, Sears and Trustee, respectively.

The pertinent facts are not in dispute and may be stated as follows: The Bankrupt purchased a 22-foot cabin cruiser from Sears on a conditional sales contract April 30, 1956. The cruiser was in kit form and by agreement between the purchaser and seller, the boat hull, engine, parts, and equipment were to be shipped for assembly to North Shore Marina, Incorporated, at Grand Haven, Ottawa county, Michigan. The various parts and equipment arrived at the marina about the middle of May, 1956. The boat was completed and given a trial run on July 3rd or 4th.

After the trial run, the boat remained at the marina for the installation of some additional items of equipment purchased by the Bankrupt and for which he paid the marina. On June 13, 1956, the Bankrupt executed and delivered a promissory note to Sears, for the balance of the purchase price and gave a chattel mortgage to Sears covering the boat and equipment as security for the payment of the note. The chattel mortgage was filed in the office of the Register of Deeds of Muskegon county, Michigan, June 21, 1956. The mortgage was not filed with the Register of Deeds of Ottawa county, the county in which North Shore Marina was located. At all times pertinent to this litigation, the Bankrupt was a resident of Muskegon county.

The installation of the additional equipment was completed about the middle of August. At this time, the Bankrupt took the boat to the Muskegon Yacht Club, in Muskegon county, docked it there one night and then returned it to North Shore Marina, in Grand Haven. It was then taken to a marina in Bear Lake channel, in Muskegon county, and left there two or three nights and again returned to Grand Haven. The Bankrupt traveled back and forth between North Shore Marina and Bear Lake channel until the latter part of August. At this time he was able to rent docking facilities in the channel. The boat remained here until October, when it was returned to the marina in Grand Haven and stored for the winter.

During the following year 1957, although the Bankrupt sometimes used the boat, it was continuously kept at the marina in Grand Haven for repairs and storage. On December 16, 1957, Sears repossessed the boat in foreclosure of its chattel mortgage and paid North Shore Marina its accumulated storage, repair and upkeep charges against the Bankrupt.

About two hours after the repossession, the Bankrupt filed his petition in bankruptcy. The time relation between these two events was coincidental and not a race for priority. Subsequent to the repossession, Sears sold the boat for $2300, which was considered to be its fair and reasonable value.

The history of the litigation is as follows: On January 13, 1959, the Trustee filed a petition to require Sears to turn the $2300 over to the bankrupt estate. There was a hearing on this petition and the referee found from the facts above stated that the location of the boat for the purpose of filing a chattel mortgage, under Michigan Statutes Annotated 26.929, Comp.Laws 1948, § 566.-140, was Ottawa county, Michigan. He further found that the mortgage was invalid as to the Trustee for failure to file with the Register of Deeds, of Ottawa county, and ordered Sears to turn over $2300 to the estate. There was a petition for review of this order and on review the District Judge adopted the referee's findings of fact and conclusions of law and sustained his order.

Later counsel for Sears moved to set aside this order and for reconsideration of its petition for review. In the meantime, the Supreme Court of Michigan had decided the case of Schueler v. Weintrob, 360 Mich. 621, 105 N.W.2d 42, in which it was held that repossession by a mortgagee prior to the time of filing a petition in bankruptcy was in legal effect equivalent to filing in the county of location (M.S.A. 26.929) and deprived the Trustee in Bankruptcy of any rights under section 70, sub. c of the Bankruptcy Act. (Sec. 110, sub. c, Title 11, U.S.C.)

A motion was then filed on behalf of the Trustee for the court to receive additional testimony or remand the matter to the referee to take testimony concerning the extension of credit to the Bankrupt between the date of the execution of the mortgage on June 13, 1956, and the repossession of the property on December 16, 1957. The court sustained the motion and remanded the case to the referee for the purpose of taking further evidence. Upon hearing the ref-

eree found that within the interim period involved, Albert B. Doherty extended credit to the Bankrupt in the amount of $10, without knowledge of the mortgage and it was unpaid. The referee concluded that the existence of this interim creditor invalidated the mortgage as a security document pursuant to section 70, sub. e (Sec. 110, sub. e (1), Title 11, U.S.C.) of the Bankruptcy Act and that the benefits of the invalidity inured to all the general creditors of the Bankrupt. The turnover order of $2300 was again entered. On petition for review, the District Judge affirmed the order of the referee. In a subsequent order, the motion of Sears to vacate the original order of the court, dated October 20, 1960, was denied.

The first question presented for our consideration is whether, under the law of Michigan, the chattel mortgage should have been filed in Ottawa county, as well as Muskegon county. The Michigan Statute (M.S.A. 26.929) provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides * * *."

The referee found and concluded, from the facts as stated herein, that Ottawa county was the county of location and under the Michigan statute the mortgage should have been filed there.

Counsel for the appellant argues " * * where the basic facts are not controverted and the referee does not have to pass upon the credibility of witnesses or weigh their testimony, as in this case, this Court may review the entire record unshackled by the 'clearly erroneous' requirement contained in General Order number 47 and Rule 52(a) of the Federal

Rules of Civil Procedure, and make its own findings with regard to those questions." Several citations from our Court are given in support of this principle.

■ Before Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 291–292, 80 S.Ct. 1190, 4 L.Ed.2d 1218, there was not only conflict between the circuits on this question but conflict within the circuits, which situation was true in our own circuit. We hold that that troublesome question was laid to rest in Duberstein and that we are bound to follow it. At p. 291, at p. 1200 of 80 S.Ct., the Court said: "Where the trial has been by a judge without a jury, the judge's findings must stand unless 'clearly erroneous.' * * * The rule itself applies also to factual inferences from undisputed basic facts, * * * as will on many occasions be presented in this area." In a case decided by this Court before the Duberstein opinion was released and where the rule was not applied, the Supreme Court reversed. Dayton Rubber Co. v. Cordovan Associates, Inc., 364 U.S. 299, 81 S.Ct. 268, 5 L.Ed.2d 90. This rule was less definitely stated in United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746.[1]

■■ We are bound by the finding of the referee and the District Judge that under the law of Michigan the mortgage was required to be filed in Ottawa county, unless such finding is clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." id. 395, 68 S.Ct. 542.

■ The conclusion of the referee, affirmed by the trial judge, is amply supported by the evidence. His interpretation of the facts and the inference drawn therefrom as to the location of the boat was warranted and certainly not clearly erroneous.

■ The mortgage then was invalid, under the Michigan statute (M.S.A. 26.929) as to creditors of the Bankrupt. After the opinion of the court on the question of the necessity of filing the mortgage in Ottawa county, it seemed that Sears' security might be salvaged by the decision of the Supreme Court of Michigan, in Schueler v. Weintrob, 360 Mich. 621, 105 N.W.2d 42, to which reference is heretofore made.

■ Counsel for the appellant objected to having the case remanded to the referee for further consideration and a determination of the Trustee's rights under section 70, sub. e of the Bankruptcy Act. We find no merit to the appellant's claim that the court erred in remanding the case to the referee for further hearing. It was the duty of the District Judge to see that there was a full and complete discovery of all available evidence pertinent to any issues presented by the facts and law involved.

Section 70, sub. e (1) of the Bankruptcy Act (110, sub. e (1), Title 11, U.S.C.) provides: "A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor."

■ The following facts, as found by the referee, are substantiated by the evidence: The mortgage was not filed in Ottawa county as required by the Michigan statute. Albert B. Doherty became a creditor in the amount of ten dollars July 20, 1957, when the mortgage was off record and his claim was provable against the Bankrupt under the Bank-

---

1. The "clearly erroneous" rule was followed in the following cases, in the Sixth Circuit, prior to the decision in Duberstein: Commissioner v. Consolidated Premium Iron Ores, Ltd., 265 F.2d 320, 326; Rich v. Pappas, 229 F.2d 308; United States v. Cold Metal Process Co., 164 F.2d 754, 755; Dixie Sand and Gravel Corp. v. Holland, 255 F.2d 304; Willett v. Commissioner, 277 F.2d 586.

48

ruptcy Act. The conclusion of the referee, sustained by the District Judge, that the mortgage being invalid under the Michigan statute as to interim creditor Doherty, was null and void as against the Trustee, is a correct application of the law. General Motors Acceptance Corp. v. Coller, 106 F.2d 584, C.A.6; cert. denied 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026; Emery v. Union Inv. Co., 212 F.2d 183, C.A.6; Trailmobile, Inc. v. Wiseman, 244 F.2d 76, C.A.6; Matter of Valley City Furniture Co., D.C., 161 F.Supp. 39, affirmed in Oliver Machinery Co. v. Bissell, 261 F.2d 596, C.A. 6; Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.

So far as we have been able to ascertain the amount of the credit extended is immaterial and the validity or invalidity of the chattel mortgage is not affected by the size of the creditor's claim. Neither is it material that the debt was not scheduled or that the creditor did not know of the existence of the chattel; nor is it necessary to prove that the creditor would not have extended the credit if he had known of the mortgage. Counsel for the appellant have cited no authorities in support of these claims.

Finding no error in the record the judgment of the District Court is affirmed.