In re Gendenna Loretta
COMPS, Debtor.

**K. Jin Lim, Trustee, Plaintiff,**

v.

**Chase Home Finance, LLC and Mortgage Electronic Registration Systems, Inc., Defendants.**

**Bankruptcy No. 05–45305.
Adversary No. 05–5180.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Dec. 8, 2005.

Noel L. Lippman, Almont, MI, for Debtor.

### *OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

MARCI B. McIVOR, Bankruptcy Judge.

This matter came before the Court on the parties' Cross Motions for Summary Judgment on Plaintiff's Complaint. Plaintiff/Trustee's Complaint seeks to set aside a mortgage granted to Accredited Home Lenders and subsequently assigned to defendant Chase Home Finance.[1] On November 29, 2006, the Court issued a bench opinion holding that the mortgage granted by Debtor Gendenna Comps to Chase Home Finance was not a preferential transfer. The Court denied Plaintiff/Trustee's Motion and granted Defendants' Motion. This Opinion supplements the November 29, 2005 bench opinion.

### I. *Background*

Debtor Gendenna Comps purchased her residence at 96 Park Street, Oxford, Michigan in October, 2000. She refinanced the property on January 13, 2005 and executed a $172,800 mortgage in favor of Accredited Home Lenders, Inc. The funds for which the mortgage was granted were not disbursed until January 19, 2005. On January 24, 2005, the Oakland County Register of Deeds stamped the mortgage "Received". Two days later, on January 26,

---

**1.** Mortgage Electronic Registration Systems, Inc. ("MERS") is also a named defendant in this matter. Chase and MERS will be collectively referred to as "Chase" or "Defendants."

2005, the mortgage was assigned a liber and page number.

Debtor filed a voluntary Chapter 7 bankruptcy petition on February 22, 2005. Included on Schedule A is her residence which is valued at $190,000 with an outstanding mortgage of $172,800. On May 4, 2005, the Trustee filed a two-count Complaint alleging that (1) the mortgage executed by Debtor in favor of Defendants on January 13, 2005 is a preferential transfer under 11 U.S.C. § 547(b), and (2) Defendants claim should be disallowed under 11 U.S.C. § 502(d) unless Defendants turn over the transferred property (or pay the estate $172,800 i.e. the amount equal to the value of the transferred property).

According to the Trustee, the mortgage should be set aside as a preferential transfer under 11 U.S.C. § 547(b) because the mortgage transfer took effect on January 13, 2005, the date the note and mortgage were executed. Because the mortgage was not recorded until 13 days later (i.e. outside of the 10 day time period provided in § 547(e)), the Trustee argues that the transfer was made on account of an "antecedent" debt (debt which arose on January 13, 2005) and should be set aside.

Defendant Chase Home Finance contends that the mortgage transfer took effect on January 19, 2005, the date the funds were disbursed. Because the mortgage was recorded seven days later (on January 26, 2005), within the ten day "safe-harbor" provided in § 547(e), the transfer dates back to January 19, 2005. The transfer is not on account of an antecedent debt and is not a preference.

## II. *Analysis*

### A. *Standard for Summary Judgment*

Fed.R.Civ.P. 56(c) for summary judgment is incorporated into Fed. R. Bankr.P. 7056(c). Summary judgment is only appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265. A "genuine" issue is one where no reasonable fact finder could return a judgment in favor of the non-moving party. *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir.1998) (citing *Anderson*, 447 U.S. at 248, 100 S.Ct. 2124). Once the movant meets this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the non-moving party, the motion should be granted." *Cox v. Kentucky Dept. of Transportation*, 53 F.3d 146, 149–50 (6th Cir.1995) (internal quotation marks and citation omitted).

### B. *There is No Preferential Transfer Under 11 U.S.C. § 547(b)*

■ The Trustee argues that the mortgage granted by Debtor to Defendant is a preferential transfer pursuant to 11 U.S.C. § 547(b) and § 547(e).

Section § 547(b) states:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer **was made;**

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

(Emphasis added.) In order to establish a preferential transfer, the Trustee must prove that each element of § 547(b) has been satisfied. *Waldschmidt v. Ranier (In re Fulghum Constr. Corp.),* 706 F.2d 171, 172 (6th Cir.), *cert. denied sub nom., Ranier & Assoc. v. Waldschmidt,* 464 U.S. 935, 104 S.Ct. 342, 78 L.Ed.2d 310 (1983).

In the present case, Defendants specifically concede that: (1) the transfer was to or for the benefit of Defendants, (2) the transfer occurred within 90 days of the Petition date, and (3) Defendants received more from the transfer than they would have if the transfer had not been made. Defendants appear to concede (and make no affirmative arguments to the contrary) that Debtor was insolvent at the time of the transfer. The only element at issue under § 547(b) is whether the mortgage transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made." To resolve this issue, the Court must answer two questions: (1) when was the mortgage "transferred", and (2) whether the transfer was on account of an antecedent debt.

### 1. *Determining When the Transfer "Was Made"*

■ The essence of a preference is the untimely transfer of the debtor's property. Both Plaintiff and Defendants agree that a transfer of Debtor's property (via the mortgage) took place; the issue is over when the mortgage transfer took place. The timing of a transfer is addressed under section 547(e)(2) of the Bankruptcy Code. That section states that a transfer is made:

(A) at the time such transfer **takes effect** between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B);

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of

(i) the commencement of the case; or

(ii) 10 days after such transfer takes effect between the transferor and the transferee.

(Emphasis added). In other words, "the time at which a transfer is made depends on the number of days separating 'the time such transfer takes effect between the transferor and the transferee' and 'the time such transfer is perfected.' .. If perfection occurs 10 or fewer days after the transfer takes effect, then the transfer

is 'made' at the time it takes effect... If, on the other hand, perfection occurs more than 10 days after the transfer takes effect, [then] the transfer is 'made' at the time of perfection." *Spradlin v. Inez Deposit Bank (In re Lowe)*, 92 Fed.Appx. 129, 131–32 (unpubl. 6th Cir.2003).[2]

The statute fails to define when a transfer "takes effect." In the instant case, the answer to this question is critical: if the transfer of the mortgage takes effect when the debtor signs the mortgage, January 13, 2005, the 10–day safe harbor provision of § 547(e) lapses on January 23, 2005 and the transfer is deemed to take place on the date the mortgage was perfected, January 26, 2005, not on the date the mortgage was signed. However, if the transfer takes effect on the date the loan proceeds are disbursed, January 19, 2005, the transfer is within the 10–day safe harbor of § 547(e) and the transfer is deemed perfected on the date the funds were disbursed.

While the Code does not define when a mortgage transfer takes effect, case law supports the proposition that a mortgage transfer takes effect on the date on which the proceeds of the loan are disbursed. *See e.g. Spradlin v. Inez Deposit Bank (In re Lowe)*, 92 Fed.Appx. at 132 (unpubl. 6th Cir.2003), *citing In re Pitman*, 843 F.2d 235 (6th Cir.1988)(both recognizing that a mortgage transfer does not take effect until the mortgagee gives value in exchange for the mortgage). *See also In re Schmiel*, 319 B.R. 520, 524, n. 2 (Bankr.E.D.Mich.2005)(recognizing that a transfer took effect when creditor providing funds to refinance debtor's residence disbursed funds to pay off original mortgage holder).

*In re Crossen*, 325 B.R. 787, 790 (Bankr. W.D.Wis.2005) is a case similar to the one at bar. In that case, the debtor executed a note and mortgage on his residence on March 1, 2004. The loan proceeds were disbursed on March 19, 2004 and the mortgage was recorded on March 26, 2004. In seeking to set aside the mortgage as a preferential transfer, the trustee argued that the debt arose on March 1, 2004 but that the mortgage transfer did not occur until March 26, 2004, the date of perfection. Thus, the mortgage was on account of an antecedent debt and constituted a preferential transfer. The court rejected that argument and found that under Wisconsin law, "a mortgage secures the debt, not the note... Until there is a debt until the creditor actually gives value to the debtor the mortgage cannot be deemed enforceable against the debtor." *Id.* at 790–91 (citation omitted). Thus, the court concluded that the mortgage transfer took effect on March 19, 2004. Because the transfer was perfected within 10 days (March 26, 2004), it was not on account of an antecedent debt and did not constitute a preferential transfer.

■ Like Wisconsin law, under Michigan law, a mortgage secures a debt, not the note. Prior to disbursement, a debtor (obviously) owes nothing to the creditor, and the creditor does not have an enforceable mortgage. *See Stram v. Jackson*, 248 Mich. 171, 226 N.W. 888, 890 (1929)("the mortgage secures the debt, not merely the evidence of it [the note]"). *Accord Gins-*

---

**2.** Section 547(e)(1)(A) addresses when perfection occurs with respect to real property:

"[A] transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee..."

In Michigan, perfection occurs upon recording. *Mich Comp. Laws. Ann.* § 565.29.

berg v. Capitol City Wrecking Co., 300 Mich. 712, 2 N.W.2d 892, 894 (1942); In re Cotter, 113 F.Supp. 859, 860 (E.D.Mich. 1953); Boyd v. Old Kent Bank–Petoskey (In re Spaniak), 221 B.R. 732, 735 (Bankr. W.D.Mich.1998).

The Trustee relies on Givens v. Countrywide Home Loans, Inc. (In re Jarosz), 322 B.R. 662 (Bankr.E.D.Wis.2005) to support her argument that the transfer of a mortgage takes effect on the date the mortgage is signed. Plaintiff's reliance on Jarosz is misplaced because the issue of whether the transfer takes effect on the date the mortgage is signed, or on the date the loan proceeds are disbursed, was not squarely before the court. The issue before the Jarosz court was whether a mortgage which was arguably invalid under state law on the date it was signed (the original mortgage did not contain the wife's signature even though both the husband's signature and the wife's signature appeared on the recorded copy of the mortgage) could be the subject of an avoidable preference action. In this context, the court ruled that the mortgage could be avoided. The court stated, without discussion, that the transfer took effect on the date the promissory note and mortgage were signed (December 18, 2002). The court mentioned that the loan was funded on December 31, 2002, but that fact was not a basis for the court's holding. Neither the mortgagee nor the trustee argued that December 31, 2002 should be considered the date on which the transfer of the mortgage took effect. Since the parties agreed that the mortgage was not perfected until January 17, the defendant mortgagee had no reason to raise the issue of signing date or disbursement date because it made no difference to his case. Moreover, Jarosz is not binding on this Court.

The cases which squarely address the issue of whether the effective transfer date of a mortgage is the signing date, or the disbursement date, hold that the transfer of a mortgage takes effect when the mortgage becomes enforceable; that is, when the lender actually disburses the funds. Applying those cases to the present case, the mortgage took effect on January 19, 2005, the date the proceeds were disbursed. The mortgage was perfected on January 26, 2005, the date the mortgage was recorded. Because perfection occurred 7 days after the transfer took effect, the date the transfer was made is the same as the date it took effect—January 19, 2005.

### 2. The Mortgage Granted to Defendant by Debtor was not on Account of an Antecedent Debt

■ Having determined the date on which the mortgage transfer was made, the Court must then determine whether the debt was "antecedent" to the transfer. 11 U.S.C. § 547(b)(2). Although the term "antecedent debt" is not defined by the Code, a debt is "antecedent" if it is incurred before the transfer. The debt must have preceded the transfer. "Under § 547(e)(2), if a creditor perfects a security interest within 10 days of when the underlying transaction 'takes effect' between the debtor and the creditor, the 'transfer' of the security interest is deemed to have occurred at that time." In re Crossen, 325 B.R. 787, 790 (Bankr.W.D.Wis.2005). The transfer took effect on January 19, 2005. Since the mortgage took effect within 10 days of its perfection on January 26, 2005, perfection is deemed to have occurred on the date the mortgage transfer took effect, January 19, 2005. Since perfection occurred within 10 days of the mortgage transfer, the transfer was not on account of an antecedent debt and is therefore not a preference.

### III. *Conclusion*

For the foregoing reasons, the mortgage executed by Debtor on January 13, 2005 in favor of Defendants was not a preferential transfer in violation of 11 U.S.C. § 547(b). Plaintiff's Motion for Summary Judgment is denied and Defendants' Motion for Summary Judgment is granted. Plaintiff's Complaint is dismissed.